

COPY
FILED

2012 JUN -7 PM 2:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1 | DOYLE LOWTHER LLP
WILLIAM J. DOYLE II (SBN 188069)
2 | bill@doylelowther.com
KATHERINE S. DIDONATO (SBN 272704)
3 | kate@doylelowther.com
1801 Century Park East, 24th Floor
4 | Los Angeles, CA 90067
Tel:   (213) 867-1777
5 | Fax:   (213) 867-9922

6 | [Additional counsel on signature page]

7 | Attorneys for plaintiffs and the proposed class

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

12 | SHANE GALITSKI, RICHARD
TALIAFERRO and BRIAN NEWBOLD,
individually and on behalf of all others
13 | similarly situated;

14 | Plaintiffs,

15 | v.

16 | SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, a New York
17 | corporation;

18 | Defendant.

19

Case No. **SACV 12 - 00903 CJC (JPRx)**

**CLASS ACTION COMPLAINT
FOR DAMAGES AND
EQUITABLE RELIEF**

DEMAND FOR JURY TRIAL

**BY FAX**

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Shane Galitski, Richard Taliaferro, and Brian Newbold, individually and for all others similarly situated, by their undersigned counsel, allege the following upon personal knowledge as to their own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.     Plaintiffs bring this action against defendant Samsung Tele-communications America, LLC on behalf of California residents, who purchased a defective Samsung Galaxy S mobile phone.

2.     Defendant's Galaxy S mobile phones suffer from a software or hardware defect, which causes the phones to randomly freeze, shut down, and power-off while in standby mode, rendering the phones inoperable and unfit for their intended use and purpose.

3.     After Samsung released the Galaxy S phones during the summer of 2010, consumers immediately contacted Samsung and Samsung's authorized agents and resellers to complain about the defect. Consumers also have posted myriad complaints about the defect on Internet websites, including on Samsung's own website. Samsung has admitted such a defect and suggested several alternate remedies to consumers, all without success.

4.     Plaintiffs repeatedly attempted to have their defective phones repaired or replaced under Samsung's warranties prior to filing this action. Plaintiffs also provided Samsung with pre-lawsuit notice of their intent to seek relief for the defect

1    and provided Samsung further opportunities to cure the defect for plaintiffs and all

2    similarly affected consumers prior to filing this action— all to no avail.

3        5.    Instead, Samsung and its authorized agents and resellers provided

4    class members with replacement Galaxy S phones suffering from the same defect

5
     and ineffective and damaging "software updates" and phone resets. This inadequate
6
7    response has only perpetuated an endless cycle of futility and extreme frustration

8    for plaintiffs and for class members and has not cured the defect or provided class

9    members a product that conforms to all express and implied warranties.

10       6.    Defendant Samsung and its authorized agents and resellers have been

11
     unable or unwilling to repair the defect or offer plaintiffs and class members a non-
12
13   defective Samsung Galaxy S phone or reimbursement for the cost of such phone and

14   the consequential damages arising from the purchase and use of the Galaxy S

15   phones.

16       7.    Defendant Samsung knew or should have known of the defect prior to

17
     selling or placing the Samsung Galaxy S phones into the stream of commerce such
18
19   that its failure to comply with these warranty obligations was willful. Despite

20   knowing of the defect shortly after introducing the phones into the market,

21   Samsung and its authorized agents and resellers continued to sell and distribute

22
     the defective phones to plaintiffs and class members without warning or disclosure
23
24   of the defect.

25       8.    Plaintiffs and class members suffered injury and lost money or

26   property as a result of purchasing a phone that repeatedly shuts off and loses data,

27

28
                                    3
                   ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

purchasing a new phone just to ensure the ability to receive communications, and having expended time and resources addressing this issue with Samsung or its representatives without success. Samsung failed to remedy this harm despite plaintiffs' demand, and Samsung earned and continues to earn substantial profits from selling defective Galaxy S phones.

## THE PARTIES

9.     Plaintiff Shane Galitski is an individual and is a California citizen. On or about October 1, 2010, plaintiff Galitski purchased a Samsung Galaxy S Epic 4G mobile phone from Samsung or those acting as its authorized agents and resellers. Soon after plaintiff Galitski purchased his Galaxy S phone, he experienced the defect alleged within all warranty periods. Prior to Mr. Galitski's purchase of the Galaxy S, he was unaware of the defect and defendant Samsung failed to warn or disclose the defect to plaintiff Galitski. Had Samsung disclosed such material facts, plaintiff Galitski would not have purchased the Galaxy S or pay the prices he paid for the defective phone. Plaintiff Galitski repeatedly tried to resolve the defect prior to filing this action, all of which failed to remedy the defect he has consistently experienced.

10.     Plaintiff Richard Taliaferro is an individual and is a California citizen. On or about October 23, 2010, plaintiff Taliaferro purchased a Samsung Galaxy S Fascinate mobile phone from Samsung or those acting as its authorized agents and resellers. Soon after fully charging his phone for the first time, plaintiff Taliaferro experienced the defect alleged within all warranty periods. Prior to Mr. Taliaferro's

purchase of the Galaxy S phone, he was unaware of the defect and defendant Samsung failed to warn or disclose the defect to plaintiff Taliaferro. Had Samsung disclosed such material facts, plaintiff Taliaferro would not have purchased the Galaxy S or pay the prices he paid for the defective phone. Plaintiff Taliaferro repeatedly tried to resolve the defect prior to filing this action, all of which failed to remedy the defect he has consistently experienced.

11.   Plaintiff Brian Newbold is an individual and is a California citizen. On or about September 1, 2010, plaintiff Newbold purchased a Samsung Galaxy S Fascinate mobile phone from Samsung or those acting as its authorized agents and resellers. Soon after fully charging his phone for the first time, plaintiff Newbold experienced the defect alleged within all warranty periods. Prior to Mr. Newbold's purchase of the Galaxy S, he was unaware of the defect and defendant Samsung failed to warn or disclose the defect to plaintiff Newbold. Had Samsung disclosed such material facts, plaintiff Newbold would not have purchased the Galaxy S or pay the prices he paid for the defective phone. Plaintiff Newbold repeatedly tried to resolve the defect prior to filing this action, all of which failed to remedy the defect he has consistently experienced.

12.   Defendant Samsung Telecommunications America, LLC is a corporation incorporated under New York law. Defendant's principal place of business is in Richardson, Texas. Samsung designed, manufactured, distributed and sold consumer electronic products, including the defective Samsung Galaxy S mobile phones.

13.     Whenever this complaint refers to any act of defendant Samsung, the reference shall mean (1) the acts of the directors, officers, employees, affiliates, or agents of defendant who authorized such act while engaged in the management, direction or control of the affairs of defendant, or at the direction of defendant, and (2) any persons who are the parents or alter egos of defendant, while acting within the scope of their agency, affiliation, or employment, and (3) any persons who acted as authorized agents and resellers for defendant of the phones in question.

## JURISDICTION AND VENUE

14.     The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(d), the Class Action Fairness Act, because this suit is a class action, the parties are diverse, and the amount in controversy exceeds $5 million, excluding interest and costs.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions establishing this claim occurred in this district, plaintiff Galitski resides in this district, purchased his Samsung Galaxy S phone in this district, principally operated his phone in this district, and sought warranty repair in this district.

## FACTUAL ALLEGATIONS

16.     Since approximately Summer 2010, defendant Samsung has marketed, distributed, and warranted the Samsung Galaxy S mobile phones in California and throughout the United States.

17.     Samsung's Galaxy S mobile phones suffer from a defect, which manifested during the warranty period and useful life of such phones. The defect causes the phones to freeze, shut down, and power-off randomly while in standby mode, rendering the phones inoperable.

**A.     Samsung Galaxy S mobile phone product line**

18.     Samsung produces a line of cellular phones called the "Samsung Galaxy S," which uses the Google Android operating system. Samsung's line of Galaxy S phones includes the Captivate for AT&T, the Vibrant for T-Mobile, the Epic 4G for Sprint, and the Fascinate for Verizon. These are all essentially the same phones, just with different names.

19.     Each phone in the Samsung Galaxy S product line is a "smartphone." Smartphones are cellular phones that run on an operating system and can run applications.

20.     Each phone in the Galaxy S product line has essentially the same product features, including a 4-inch "Super AMOLED" display, a 1 GHz "Hummingbird" Cortex A8 processor, a 5-megapixel auto-focus camera, and the ability to display HD video. The defect occurs in each of these phone models across phone carrier lines, and similar reports of the same defect have been made from Europe involving the same phone line, such that the defect is not related to any particular carrier that distributes the phone.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

**B.     The Samsung Galaxy S mobile phone defect**

21.     Soon after the Samsung Galaxy S models were released in Summer 2010, consumers lodged complaints about their experiences with the defect. Thousands of consumer complaints about the defect were posted online. Defendant continued to market and sell these phones without curing the defect or disclosing its existence to consumers.

22.     These complaints all identify the same essential defect. When a smartphone is powered on but is not being actively used, it is in "standby mode" to extend battery life. The defect occurs when consumers cannot wake their phones from standby mode. Non-defective phones should wake from standby mode and return to normal operating function by pushing any button on the phone or when a call or text message comes in on the phone. While in standby mode, however, the Samsung Galaxy S phone freezes or powers itself off, meaning it cannot receive or deliver telephone calls, messages or data. Unless one is constantly monitoring their phone to know whether it is on, they would not know when the phone is actually off except when trying to use it.

23.     To operate a phone that experiences the defect, a consumer must remove the battery from the Galaxy S phone, reinsert it, and power the phone back on. Pressing the power button is futile because the phone does not power on without first removing and reinserting the battery.

24.     The defect occurs randomly and repeatedly, causing the phone to freeze or power off while in standby mode, as many as ten times per day. Once the

1    phone is powered back on, it is still susceptible to powering itself back off and losing

2    data.

3        25.    The defect also causes the phone to reset while the phone is being used

4    to make calls. While a consumer is speaking on the phone, it will reset itself during

5    the call and make the phone unusable while it is restarting.

6        26.    Consumers, including those who have medical illnesses and rely on

7    their phones to make emergency calls, have complained that the defect has caused

8    their phones to reset themselves while on a call with emergency services and they

9    cannot rely on it to work when they need to make or receive important calls.

10       27.    Although numerous consumers reported the defect to Samsung and its

11   authorized agents and resellers soon after its release, Samsung failed to notify

12   consumers, including plaintiffs, about the defect prior to or after purchase.

13       28.    The defect's presence is material because the defect causes the phones

14   to repeatedly freeze or turn off, causing plaintiffs and class members to miss phone

15   calls, alerts, messages, e-mails, and alarms, and frequently lose data due to the

16   defect.

17       29.    The defect is material because neither plaintiffs, class members, nor

18   any reasonable consumer would have purchased the defective Samsung Galaxy S

19   mobile phones had they known of the defect, and such phones would not pass

20   without objection in the trade or industry.

21       30.    As evidence of the significance of the defect, many consumers have

22   opted to pay additional and substantial fees to either purchase a new phone at full-

retail price, or have paid early termination fees to purchase a new phone. Many consumers found that paying those substantial fees was the only way to obtain full relief from their defective Samsung Galaxy S phones.

**C.   Plaintiffs repeatedly tried to repair or replace their defect Samsung Galaxy S phones prior to initiating this action**

31.   Plaintiff Galitski owns a Samsung Galaxy S Epic 4G phone and has experienced the defect alleged.

32.   Plaintiff Galitski purchased a Samsung Galaxy S Epic 4G on or about October 1, 2010 at a Sprint Store in Costa Mesa, California. A few months after purchase, plaintiff Galitski's phone experienced the defect.

33.   In early 2011, Plaintiff Galitski's phone experienced a problem with the headphone jack. Plaintiff Galitski contacted Samsung to get assistance with the headphone jack problem and also informed Samsung of the defect. Plaintiff Galitski got no assistance from Samsung regarding either problem with his phone.

34.   While attempting to repair the headphone jack problem, plaintiff Galitski also informed Sprint of the defect and was not given any assistance by Sprint to help resolve the defect. Plaintiff Galitski received a replacement Samsung Galaxy S Epic 4G from Sprint due to the headphone jack problem.

35.   Plaintiff Galitski's replacement Epic 4G experienced the defect more frequently than his original phone, resulting in him being forced to remove and replace his battery more frequently and causing him to drop calls and lose data.

36.   In or around October 2011, plaintiff Galitski's replacement phone suffered from a significant screen burn-in which resulting in him obtaining another replacement phone from Sprint. While contacting Sprint regarding this problem, plaintiff Galistki once again informed Sprint about the defect, and again received no assistance.

37.   Plaintiff Galitski's second replacement Samsung Galaxy S Epic 4G phone also experiences the defect. Plaintiff Galitski continues to use his replacement phone, and has attempted to resolve the defect by changing the phone's operating system, to no avail.

38.   Plaintiff Galitski's phones would experience the defect during varying states of use, and such variables as whether the phone was charging, loading an application, or sitting in standby did not affect whether the defect would occur.

39.   Plaintiff Galitski experienced problems resulting from the defect in his Samsung Galaxy S Epic 4G phone within all warranty periods.

40.   At the time of purchase, plaintiff Galitski was unaware of the defect, and plaintiff Galitski has lost money or property and suffered injury in a manner similar to other class members. If the facts known to defendant about the defect had been disclosed to plaintiff Galitski, he would not have acquired that phone and entered into the associated contract at the prices paid, if at all.

41.   Plaintiff Taliaferro owns a Samsung Galaxy S Fascinate phone and has experienced the defect alleged. Plaintiff Taliaferro regularly uses his Galaxy S

Fascinate phone primarily for personal, family, or household purposes, and for GPS navigation and other purposes.

42.     Plaintiff Taliaferro purchased a Samsung Galaxy S Fascinate on October 23, 2010 at Fry's Electronics (an authorized Samsung agent and reseller) in Roseville, California. Soon thereafter, he experienced the defect. He had to remove and replace the battery in his Galaxy S phone daily.

43.     Plaintiff Taliaferro experienced problems resulting from the defect in his Samsung Galaxy S Fascinate phone within all warranty periods.

44.     In or about March 2011, Plaintiff Taliaferro contacted his phone carrier, Verizon Wireless, several times about the defect. Eventually his phone carrier (an authorized Samsung agent and reseller) replaced his phone with another Samsung Galaxy S Fascinate phone. Plaintiff Taliaferro continued to experience the same defect with his replacement Samsung Galaxy S Fascinate phone.

45.     Plaintiff Taliaferro again contacted his phone carrier, which recommended he install a software update intended to fix the defect. Rather than fix the defect, the new software update exacerbated it by causing the phone to experience the defect more often.

46.     After contacting his phone carrier several more times, and continuing to experience the defect with his replacement phone, plaintiff Taliaferro finally was forced to discontinue using his Samsung Galaxy S Fascinate and purchased a new phone, receiving no credit for the purchase of his Samsung phone.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

47.   At the time of purchase, plaintiff Taliaferro was unaware of the defect and plaintiff Taliaferro has lost money or property and suffered injury in a manner similar to other class members. If the facts known to Samsung about the defect had been disclosed to him, he would not have acquired that phone and entered into the associated contract at the prices he paid, if at all.

48.   Plaintiff Newbold owns a Samsung Galaxy S Epic 4G phone and has experienced the defect alleged.

49.   Plaintiff Newbold purchased a Samsung Galaxy S Epic 4G on or about September 1, 2010 at a Sprint Kiosk (an authorized Samsung agent and reseller) in Garden Grove, California. Shortly after purchase, plaintiff Newbold's phone experienced the defect.

50.   Plaintiff Newbold attempted to resolve the defect by changing the phone's operating system and installing the newest version of Android. These changes failed to adequately repair plaintiff Newbold's phone. Plaintiff Newbold then returned his phone to factory settings and installed a software update on his Galaxy S Epic 4G phone provided by Samsung. After this update, his phone experienced the defect more frequently. He had to remove and replace the battery in his Galaxy S Epic 4G phone daily.

51.   Plaintiff Newbold experienced problems resulting from the defect in his Samsung Galaxy S Epic 4G phone within all warranty periods.

52.   Beginning in or about February 2011, plaintiff Newbold contacted Sprint customer service several times about the defect. His phone carrier refused to

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

offer a replacement phone and instead attempted on multiple occasions to repair the phone by asking him to repeatedly reset the device.

53.    Even after following this direction, plaintiff Newbold continued to experience the same defect with his Samsung Galaxy S Epic 4G phone. After contacting his phone carrier several times in unsuccessful attempts to repair or replace the device, plaintiff Newbold finally was forced to discontinue using his Samsung Galaxy S Galaxy and purchased a new phone, receiving no credit for the purchase of his Samsung phone.

54.    At the time of purchase, plaintiff Newbold unaware of the defect and plaintiff Newbold has lost money or property and suffered injury in a manner similar to other class members. If the facts known to Samsung about the defect had been disclosed to him, he would not have acquired that phone and entered into the associated contract at the prices paid, if at all.

**D.    Samsung fails to provide an adequate remedy**

55.    Samsung knows its Galaxy S mobile phones suffer from a defect that causes the phones to regularly freeze, crash, and shut down, and yet it still continued to market and sell these phones even though it cannot repair them or offer a replacement phone that does not suffer from the defect or reimburse consumers the amounts they paid for such phones, such that its conduct is willful.

56.    Samsung has failed to cure the defect or replace plaintiffs' Samsung Galaxy S phones with non-defective phones and offer full compensation required under federal and state law.

57.     When consumers contacted Samsung and its authorized agents and resellers to complain about the defect, Samsung denied there was any defect with their Galaxy S phones.

58.     Each plaintiff contacted a Samsung "authorized phone service facility" to repair or service their defective phones as Samsung maintains no direct repair facilities in this state, or in any state other than Texas, nor provides any list of such facilities on its website or to its retail sellers as required by law. Samsung's express warranty represents to customers they may do so or alternatively call Samsung customer care to "obtain assistance on where to deliver the product" for servicing or repair. A true and correct copy of Samsung's Written Warranty is attached hereto and incorporated by reference as "Exhibit A."

59.     This warranty does not specify what constitutes an "authorized phone service facility." However, it was Samsung's custom to inform customers to take their phones to their local phone carriers for service. Further confirming the plaintiffs' phone carriers are "authorized phone service facilit(ies)" pursuant to the Samsung express warranty is a December 2010 AT&T Service Bulletin regarding "Random Shutdown Issues on AT&T Captivate."[1] The bulletin notes "AT&T and Samsung are working together on a power off issue on the Samsung i897 Captivate." *Id.* The bulletin goes on to direct AT&T retail segments to exchange the device if a customer has this issue. *Id.*

---

[1] http://www.attdroids.com/forum/samsung-captivate-tech/2402-service-bulletin-random-shutdown-issues-t-captivate.html.

60.    The Verizon Wireless "Samsung Fascinate™ a Galaxy S phone Support" webpage[2] directs customers who experience a defect with their Galaxy S phones during the warranty period to contact Verizon customer service for repair or a replacement device.[3] Such statements are further evidence that phone carriers were authorized by Samsung to act as "authorized phone service facilities" for the replacement of Samsung's defective Galaxy S phones under Samsung's written warranty.

61.    As Samsung fails to provide service and repair facilities in this state, and because its written warranty does not specify what constitutes an "authorized phone service facility," Samsung's and the retail seller's actions shows that under all applicable laws and as a reasonable construction of such warranties, these phone carrier entities are phone service facilities authorized by Samsung for purposes of compliance with any express warranty obligations. By contacting or sending their phones to their respective phone carriers for service or repair of the defect, plaintiffs complied with any warranty's preconditions based on how the term "authorized phone service facility" has been applied and used by Samsung.

62.    Therefore, plaintiffs and class members complied with any express warranty preconditions by returning their defective phones to their phone carrier for repair and service.

63.    Plaintiffs and Class members have made reasonable numbers of repair attempts, gave pre-lawsuit written notice of the defect to Samsung, and provided

[2] http://www.support.verizonwireless.com/clc/devices/index.html?p=5528&m= (see "Who do I contact if my device malfunctions while under warranty?").
[3] http://www.support.verizonwireless.com/clc/faqs/Equipment/faq_troubleshooting.html?grp=1&faq=16.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Samsung the opportunity to cure the defect for plaintiffs and all other similarly affected consumers, all to no avail.

64.   Defendant's policy of replacing one defective phone with another defective phone fails to offer consumers a viable remedy, but instead only perpetuated plaintiffs' and class members' damages. Samsung has refused to refund the cost of the phone and all related costs or provide consumers non-defective replacement Galaxy S phones.

65.   Defendant Samsung has denied its Galaxy S phones have experienced the defect despite thousands of public complaints from consumers across phone carriers and the Galaxy S product line.

E.   **Samsung had notice of the defect as consumers posted complaints on Samsung's website**

66.   Consumers have posted thousands of complaints about the Samsung Galaxy S defect on dozens of online support and technology forums, including on Samsung's own website. Examples of these complaints are set forth below. As evidenced by these comments, Samsung was made aware of this defect as early as the Fall 2010 if not earlier, yet failed to stop selling these phones and failed to provide a fix to resolve the defect.

| CONSUMER COMPLAINTS FROM SAMSUNG.COM |
|---|
| "Why does my phone turn off (shut down) during sleep mode?" --Samm |
| Link:       http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT Date: September 2010 |
| **Samsung's Response to Samm:** "Once your phone goes in sleep mode or if the screen went black, press the power button located on |

the right side of the phone once to light up the screen. **If after doing the step and the screen doesn't light up, then you can go to your service provider so they can check the phone for you.** You may also call Samsung Customer Support, so we can do minimal troubleshooting to your phone. Once troubleshooting has been done to the point of actual failure, we can setup a repair on the product, should it be determined the problem cannot be resolved over the phone. We can repair the phone, if it is still under warranty and has not been physically damaged. For troubleshooting and questions related to possible repairs we invite you to contact Samsung Customer Care at your earliest convenience through our toll free number 1-888-987-HELP (1-888-987-4357)." (emphasis added)
--Samsung4

Link:      http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT

Date: November 2010

"What causes my phone to spontaneously shut off? Sometimes I'll check my phone and discover that it is turned off when it was on the last time I checked it. I cannot find a pattern to this behavior, but the frequency of this happening seems to be increasing, from once a week to, recently, once a day. I also would like to know why doing a factory reset didn't fix this problem.
--benbald72

Link:      http://www.samsung.com/us/support/owners/product/SGH-I897ZKAATT

Date: September 2010

"What if my Captivate keeps on shutting off by itself? My phone was lying on my desk for about an hour and i come back and see that it was turned off. Then i turn it back on and come back at another short interval only to find out that my phone was turned off again. this has happened consistently over the past few days. and i need to know if this will be a problem with my phones reliability. I am a very busy person and i need to know that i can rely on my phone so that my family may reach me at all times. My phone is only a week old. and this problem appeared approximately three days ago."
--captivateuser

Link:      http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT

Date: September 2010

"Samsung Galaxy phone randomly shuts off. Battery is fully charged but my Samsung Galaxy phone randomly shuts off. Battery is seated properly and fully charged. Changing display timeout settings doesn't help the situation."
--anyadorst

Link:      http://www.samsung.com/us/support/owners/product/SEG-

18

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

I897ZKAATT
Date: October 2010

"Phone keeps shutting off. 4-5 times a day my phone will completely shut off on its own. Is there anything I can do to prevent this?"
--snrrendondo

Link:    http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: October 2010

"Why the heck does the phone shut down, without warning, daily? The freakin' phone just shuts off. while I'm on a call. over night. or just any ol time?! The worst thing about it is, that I don't know the darn thing is off. so I can't take any action to correct it! How many calls have I missed? Does the phone still list them as "missed Calls" or do they just go away. lost forever? I use this phone for my business. A missed call can cost me thousands!!! I want this fixed or replaced IMMEDIATELY! You know how to contact me. If you can't fix it, just send me a Blackberry Torch!!"
--boogiemonster

Link:    http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: November 2010

"How do I keep my Fascinate from turning off? My phone keeps shutting off. I cannot get it to stay on for any period of time if I am not using it. Is this a special function? I want to answer my phone when people call and I cannot do that if it continues to shut off. My friend and I got the same phones at same time and she is having same problem. so there must be a way to keep the phone on. right? there must be a function to keep the phone on so I can answer my calls without going to voicemail. thank you for your help!"
--BE649

Link:    http://www.samsung.com/us/support/owners/product/SCH-I500RKLVZW
Date: December 2010

"My phone shuts off after a short time on its own. My phone turns all the way off after a few minutes of not being used. The battery power is fine and I don't see any other reason why it would do this. I am very upset because I keep missing calls and messages from people because I think it is on but it has shut itself off."
--cherylchoenstein

Link: http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: January 2011

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

"Why does my Samsung Captivate keep shutting off? My phone just randomly shuts down. it can be sitting on a table and 10 minutes later i have to pull the battery and reconnect to get it back working. Is there a recall on this? and if so how to i go about fixing it. most nights i set my alarm as i use it to wake and most mornings its completly turned off again. I can have 60% battery and it still happens. Ive already been late to work several times because of this problem. which isn't good"
--charbonnet81

Link:     http://www.samsung.com/us/support/owners/product/SEG-I897ZKAATT
Date: January 2011

*Some spelling errors have been corrected to ensure clarity.

**F.   Plaintiffs provided Samsung pre-lawsuit notice for themselves and all class members**

67.     Following their repeated and unsuccessful attempts to obtain a proper repair or replacement phone, beginning on May 5, 2011, prior to filing this lawsuit, plaintiffs, through their counsel and for themselves and all class members, sent several letters by certified mail to Samsung's Chief Executive Officer, Dale Sohn, at its headquarters in Richardson, Texas and to Samsung's counsel. Samsung failed to provide the requested relief, necessitating this lawsuit.

## CLASS ACTION ALLEGATIONS

68.     Plaintiffs bring this class action claim under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23 are met regarding the class defined below.

69.     Plaintiffs bring their claims on their own behalf, and on behalf of the following class:

All persons who, in California and such other states the Court determines to be appropriate, purchased one or more Samsung Galaxy S mobile phones from Samsung or

its authorized retailer sellers and experienced the defect or are likely to experience the defect during the useful life of the phone. Excluded from the Class are defendant, its officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which defendant had a controlling interest.

70.     Plaintiffs reserve the right to amend or modify the class definition for a class certification motion, or with discovery or investigatory results. This lawsuit is properly brought as a class action for the following reasons.

71.     The class is so numerous that joinder of the proposed individual class members is impracticable. The class includes thousands of persons geographically dispersed throughout California. The precise number and identities of class members are unknown to plaintiffs, but are known to Samsung and can be ascertained through discovery, namely by using Samsung's records of sales, warranty records, and other information kept by Samsung or by Samsung's agents.

72.     Plaintiffs anticipate no difficulties in managing this litigation as a class action. The class is ascertainable. There is a well-defined community of interest in the questions of law and fact, since the rights of each class member were infringed or violated in similar fashion based upon Samsung's misconduct. Notice can be provided via records maintained by Samsung through mailed and electronic notice and publication, the cost of which is properly imposed upon Samsung.

73.     Questions of law and fact common to the class exist as to plaintiffs and class members. These common law and fact questions predominate over any questions affecting only individual class members in that answering these questions

will determine at one time Samsung's liability for the conduct alleged. The common questions of law and fact include:

a.        whether defendant Samsung's Galaxy S phones are defective;

b.        whether Samsung failed to disclose material facts about the defect in its Samsung Galaxy S phones and when Samsung learned of such material facts;

c.        whether Samsung made any express warranties in its sale of the Samsung Galaxy S phones;

d.        whether Samsung made any implied warranties in its sale of the Samsung Galaxy S phones;

e.        whether Samsung breached any express or implied warranties relating to its sale of Samsung Galaxy S phones;

f.        whether Samsung was unjustly enriched by selling defective Samsung Galaxy S phones;

g.        whether Samsung violated consumer protection laws by selling defective phones or by failing to disclose the defect;

h.        the appropriate nature of class-wide equitable relief; and

i.        the appropriate measure of restitution and damages to award to plaintiffs and to the class.

74.    Samsung engaged in common conduct establishing the legal rights sought to be enforced by plaintiffs and the class. Individual questions pale by comparison to the numerous common questions which predominate.

75.    Plaintiffs' claims are typical of the claims of class members. The injuries sustained by plaintiffs and the class flows, in each instance, from a common nucleus of operative facts based on defendant Samsung's conduct, as alleged. Defendant Samsung's defenses asserted against plaintiffs' claims likely would be similar to Samsung's defenses asserted against class members' claims.

76.    Plaintiffs will fairly and adequately protect class members' interests. Plaintiffs have no interests materially adverse to or that irreconcilably conflict with class members' interests and plaintiffs have retained counsel with significant experience in prosecuting class actions and complex litigation, and who will vigorously prosecute this action.

77.    A class action is superior to other available methods for the fair and efficient group-wide adjudication of this controversy, and individual joinder of all class members is impracticable, if not impossible because many class members are located throughout California. The cost to the court system of such individualized litigation would be substantial. Individualized litigation would likewise present the potential for inconsistent or contradictory judgments and would cause significant delay and expense to all parties and multiple courts hearing virtually identical lawsuits. Managing this action as a class action presents few management difficulties, conserves litigant and court resources, protects each class member's rights, and maximizes their recovery.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

78.     Samsung has acted on grounds applicable to the entire class, making final injunctive relief or corresponding declaratory relief appropriate regarding the class as a whole.

## COUNT I

### Breach of Express Warranty

79.     Plaintiffs incorporate the above allegations by reference as if fully set forth below.

80.     Plaintiffs assert this count individually and for the proposed class.

81.     Defendant Samsung and its authorized agents and resellers sold Samsung Galaxy S Phones to plaintiffs and class members in the regular course of business. Such phones are goods.

82.     Defendant Samsung made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between plaintiffs, class members, and Samsung. Defendant Samsung gave these express warranties to plaintiff and class members through issuing its written warranty accompanying its Samsung Galaxy S phones. *See* Exhibit A, incorporated by reference.

83.     Defendant expressly warranted to plaintiffs and class members, these phones were effective, free from defects in materials and workmanship, and fit for their intended use. The warranty included with plaintiffs' and class members' phones expressly represented Samsung's Galaxy S Phones were "free from defects in material and workmanship under normal use and service" for one year from purchase, covering defects in both hardware and software. Exhibit A.

84.    Samsung's Galaxy S phones failed to comply with defendant's express warranties because the phones suffer from a defect, which causes the phones to freeze, shut down, and power-off randomly while in standby mode, rendering the phones unfit for their intended use and purpose.

85.    Plaintiffs complied with the preconditions to an express warranty claim by contacting a Samsung authorized phone service facility to repair or service their defective phones.

86.    Plaintiffs also complied with any warranty preconditions under California law. California Civil Code § 1793.3 states if "the manufacturer of consumer goods sold in this state for which the manufacturer has made an express warranty does not provide service and repair facilities within this state" the buyer may return the nonconforming goods to either: (1) the retail seller of the nonconforming goods; or (2) to any retail seller of like goods of the same manufacturer within this state. According to Samsung, its only authorized phone service center is in Texas. Plaintiffs either contacted or took their defective phones to a California location of retail sellers of such products. Plaintiffs' phone carriers or the original sellers of such phones are the authorized agents and resellers of like goods of defendant Samsung and therefore, by statute, are authorized service facilities for the express warranty. Plaintiffs complied with all preconditions to asserting an express warranty claim by returning their defective Samsung phones during the warranty period to "an authorized phone service facility" or a "retail seller" of such phones as set forth in the express warranty and as permitted under

Cal. Civ. Code § 1793.3. By contacting or sending their phones to their respective phone carriers or original retail sellers for service or repair of the defect, plaintiffs complied with any warranty's preconditions based on how the term "authorized phone service facility" has been applied by Samsung.

87. In conformance with their warranty, plaintiffs contacted and afforded defendant Samsung or its agents and authorized phone service facilities or retail seller reasonable opportunities to repair and/or replace the defective phones during the warranty period with phones that did not possess the defect. Plaintiff Galitski's complaint to Samsung was ignored and his phone carrier replaced his Samsung phone with the same model phone, and both replacements experienced the defect. Plaintiff Taliaferro's phone carrier also replaced his Samsung phone with the same model phone, which suffered from the same defect. Plaintiff Newbold contacted his phone carrier on numerous occasions and was refused a replacement phone. Instead, Newbold's phone carrier made various attempts to repair the phone including asking Newbold to reset the phone or install a software patch provided by Samsung and Sprint, none of which succeeded.

88. Plaintiffs, for themselves and the class, provided Samsung with written notice of its breach of express warranties before filing of this lawsuit. Samsung, however, was already on notice of the defect in the Galaxy S phones from complaints and service requests it admittedly received from plaintiffs and class members, from repairs and replacements of the Samsung Galaxy S phones at issue, and through its own internal investigation.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

89.     Plaintiffs, for themselves and the class, provided Samsung with multiple opportunities to provide an adequate remedy, but Samsung declined to do so.

90.     Plaintiffs also repeatedly tried to return their defective Samsung Galaxy S phones to Samsung's authorized agents and resellers during the warranty period, only to receive replacement phones suffering from the same defect. Samsung's only response to the defect has perpetuated an endless cycle of futility for plaintiffs and class members, leaving them with no relief.

91.     Defendant Samsung breached its express warranties by failing to repair the phones, failing to replace the defective Galaxy S phones with non-defective phones and refund plaintiffs' and class members' monies and consequential damages.

92.     Defendant Samsung's breach of its express warranty caused plaintiffs to suffer injuries, including the inability to use their phones, paying for defective products, and entering into transactions they would not have entered into but for Samsung's acts.

93.     As a direct and proximate result of Samsung's breach of its express warranties, plaintiffs and class members have suffered damages and continue to suffer damages, including economic damages at the point of sale for the difference between the value of the phones as promised and the value of the phones delivered (essentially worthless). Plaintiffs and class members either have or will incur economic damages at the point of repair in the cost of repair or replacement and

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

costs of complying with continual contractual obligations and the cost of buying an additional phone they would not have purchased had the phones in question not contained the non-repairable defect.

94.     Plaintiffs and class members are entitled to legal and equitable relief against Samsung, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief.

## COUNT II
### Breach of Implied Warranty

95.     Plaintiffs incorporate the above allegations by reference as if fully set forth below.

96.     Plaintiffs assert this count individually and for the proposed class.

97.     Defendant Samsung and its authorized agents and resellers sold Galaxy S Phones to plaintiffs and class members in the regular course of business.

98.     Defendant Samsung impliedly warranted to plaintiffs and class members, these phones were of merchantable quality (*i.e.* a product of a high enough quality to make it fit for sale, usable for the purpose it was made, of average worth in the marketplace, or not broken, unworkable, damaged, contaminated or flawed), would pass without objection in the trade or business, and were free from material defects and reasonably fit for the use for which they were intended. Samsung either knew or should have known of the purposes for which such phones are used (*i.e.* the ability to send and receive contemporaneous communications), and

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Samsung should have been aware plaintiffs and the class members were relying on defendant Samsung's skill and judgment to furnish suitable goods for such purpose.

99.    Under agreements between Samsung and its authorized agents and resellers, the stores from which plaintiffs and class members purchased their defective Galaxy S phones were authorized Samsung retailers and authorized phone service facilities. Plaintiffs and class members are third-party beneficiaries of, and substantially benefited from, such contracts.

100.    Defendant Samsung breached its implied warranties by selling plaintiffs and class members defective Samsung Galaxy S mobile phones that failed during all warranty periods. The defect renders the Galaxy S phones unfit for their ordinary use and purpose. Defendant Samsung has refused to recall, repair or replace, without charge, all Samsung Galaxy S mobile phones or their defective component parts or refund the prices paid for defective phones.

101.    Plaintiffs, for themselves and the class, provided Samsung with notice of its breach of implied warranties before filing this lawsuit. Defendant Samsung, however, already was on notice of the defect from complaints and service requests Samsung admittedly received from plaintiffs and class members, from repairs and replacements of the Samsung phones in issue, and through Samsung's own internal testing and investigations.

102.    Plaintiffs afforded Samsung and their authorized phone service facilities repeated opportunities to repair or replace the defective phones, which defendant rejected.

103.   The defect in the Galaxy S phones existed when the phones left Samsung's and Samsung's authorized agents' and resellers' possession and renders the phones unfit for their intended use and purpose.

104.   As a direct and proximate result of Samsung's breach of its implied warranties, plaintiffs and class members have suffered damages and continue to suffer damages, including economic damages at the point of sale for the difference between the value of the phones as warranted and the value of the phones as delivered. Plaintiffs and class members either have or will incur economic, incidental and consequential damages in the cost of repair or replacement and costs of complying with continued contractual obligations and the cost of buying an additional phone they would not have purchased had the phones in question not contained the non-repairable defect.

105.   Plaintiffs and class members are entitled to legal and equitable relief against Samsung, including damages, specific performance, rescission, attorneys' fees, costs of suit, and other relief.

## COUNT III

### Song-Beverly Warranty Act, California Civil Code §§ 1792 *et seq.*

106.   Plaintiffs incorporate the above allegations by reference as if fully set forth below.

107.   Plaintiffs assert this claim individually and for all class members.

108.   Under the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 *et seq.*, every sale of consumer goods in California is accompanied by

both a manufacturer's and retail seller's implied warranty that the goods are merchantable, and accompanied by an implied warranty of fitness.

109.   Plaintiffs and class members each purchased one or more Samsung Galaxy S phones at retail in California, which are "consumer goods" within the meaning of California Civil Code § 1791(a).

110.   Defendant Samsung manufactures and sells Samsung Galaxy S mobile phones to retail buyers, and therefore Samsung is a "manufacturer" and "seller" within the meaning of California Civil Code § 1791.

111.   Defendant Samsung provided express warranties and Samsung impliedly warranted to plaintiffs and class members the Samsung Galaxy S phones were of merchantable quality, would pass without objection in the trade or industry, and were fit for the ordinary purposes for which the phones are used.

112.   Defendant Samsung has breached both express and implied warranties because the Samsung Galaxy S mobile phones sold to plaintiffs and class members were not of the same quality as those acceptable un the trade and were not fit for the ordinary purposes for which such goods are used, in that the phones freeze, shut down, and power-off randomly while in standby mode, causing plaintiffs and class members to miss calls, lose time, data and work product, impairing the usability of the phones.

113.   Plaintiffs complied with all provisions of the Song-Beverly Act by attempting to have their phones repaired. In compliance with California Civil Code § 1793.3, if "the manufacturer of consumer goods sold in this state for which the

manufacturer has made an express warranty does not provide service and repair facilities within this state" the buyer may return the nonconforming goods to either: (1) the retail seller of the nonconforming goods; or (2) to any retail seller of like goods of the same manufacturer within this state. According to Samsung, its only authorized phone service center is in Texas. Plaintiffs either contacted or took their defective telephones to the California location of a retail seller of such products, as plaintiffs' phone carriers and original sellers are Samsung authorized retail sellers of like goods.

114.   As Samsung or its representatives and retail sellers cannot repair these phones to conform to the warranties after a reasonable number of attempts (only one under the circumstances, since the only replacement phone provided by Samsung is equally defective), Samsung must replace the defective phones with non-defective phones or reimburse the buyers for the purchase price of such phones. Defendant Samsung has failed to do so. Such failure to comply with these statutory warranty obligations was willful.

115.   As a direct and proximate cause of Samsung's breach of the Song-Beverly Act, plaintiffs and class members sustained damages and other losses in an amount to be determined entitling them to compensatory damages, consequential damages, statutory damages and civil penalties, diminution in value, costs, attorneys' fees and interest.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

# COUNT IV

## Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*

116.   Plaintiffs incorporate the above allegations by reference as if fully set forth below.

117.   Plaintiffs assert this count individually and for the proposed class.

118.   The Samsung Galaxy S mobile phones at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

119.   Plaintiffs and class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3).

120.   Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. §§ 2301(4)-(5).

121.   Defendant issued plaintiffs and class members a "written warranty" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(6).

122.   Defendant Samsung warranted to plaintiffs and to class members the Samsung Galaxy S mobile phones were free from defect, were of merchantable quality, and fit for the ordinary and specific purposes for which the phones are used.

123.   Defendant Samsung has breached and refused to honor its warranties as the Samsung Galaxy S mobile phones are defective and were not as expressly and impliedly warranted and failed to perform as reasonably expected.

124.   Each plaintiff has asserted a valid breach of express and implied warranty claim as set out in Counts I and II above. Plaintiffs complied with all warranty preconditions by either contacting or taking their defective phones to an

authorized phone service facility for repair or replacement. Plaintiffs made these attempts during the express warranty period. Plaintiffs afforded Samsung and its authorized phone service facility the opportunity to cure the defect by repairing or replacing the phone prior to the initiation of this action, without success.

125.    Defendant Samsung has breached and refused to honor its warranties. Due to the defect, the Samsung Galaxy S phones were not as expressly and impliedly warranted, and failed to perform as reasonably expected.

126.    The amount in controversy of plaintiffs' and class members' individual claims meets or exceeds the sum or value of $25. The amount in controversy meets or exceeds the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined. Samsung maintains no alternative dispute resolution program that complies with the requirements of 16 C.F.R. § 703 *et seq.*

127.    Defendant has been afforded a reasonable opportunity to cure its breach of warranty. Plaintiffs, for themselves and the class, provided written notice of the defect to Samsung and demanded appropriate remedy prior to filing this lawsuit. Defendant has been provided ample notice of the defect experienced by both plaintiffs and class members, but has failed to remedy the situation.

128.    As a direct and proximate result of defendant's conduct, plaintiffs and the class have suffered injury and damages in an amount to be determined. Plaintiffs and the class are entitled to recover damages, consequential damages, specific performance, diminution in value, rescission, attorneys' fees and costs, and other relief as authorized by law.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

**COUNT V**

**Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.***

129.   Plaintiffs incorporate the above allegations by reference as if fully set forth below.

130.   Plaintiffs assert this claim individually and for all class members under California Civil Code § 1781.

131.   The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Samsung's acts and practices because it covers transactions involving the sale of goods to consumers.

132.   The Samsung Galaxy S phones are "goods" under California Civil Code § 1761(a).

133.   Samsung is a "person" under California Civil Code § 1761(c).

134.   Plaintiffs and the class members are "consumers" under California Civil Code § 1761(d).

135.   Plaintiffs and class members engaged in "transactions" under California Civil Code § 1761(e), including the purchase of Samsung Galaxy S phones and the presentation of Samsung Galaxy S phones for repair or replacement of the defect.

136.   Samsung's unfair and deceptive business practices were intended and resulted in the sale of Samsung Galaxy S phones, a defective consumer product.

137.   Defendant's Samsung Galaxy S phones failed to perform in accordance with their expected characteristics, uses, and benefits.

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

138.    Defendant Samsung had exclusive knowledge of material facts, *i.e.* the Samsung Galaxy S phones were defective, unknown to plaintiffs and class members. If plaintiffs and class members had known of the defect in the Samsung Galaxy S phone, they would not have purchased the phones at the prices they did, if at all.

139.    Defendant Samsung had a duty to disclose the defect in the Samsung Galaxy S for various reasons, including:

(a)    Samsung had exclusive knowledge of material facts not known to plaintiffs or the class; and

(b)    Samsung actively concealed a material fact from plaintiffs and the class.

140.    Defendant Samsung engaged in unfair and deceptive practices by misrepresenting or not disclosing the above material facts to plaintiffs and the class, violating California Civil Code §§ 1770(a)(5), (7), (14) and (16).

141.    As a direct and proximate result of defendant Samsung's conduct, plaintiffs and the class members suffered injury and damage in an amount to be determined. Plaintiffs and class members are entitled to injunctive relief, restitution, court costs, and attorney fees, and other relief the Court deems proper.

142.    Under California Civil Code § 1782, plaintiffs' counsel sent Samsung a CLRA demand letter via certified mail. In response to the CLRA demand letter, Samsung has refused to provide complete relief to plaintiffs and all affected class members. As Samsung has failed to provide the relief demanded as required under

Section 1782 of the CLRA, plaintiffs also demand payment of all actual, statutory, and exemplary damages for Samsung's CLRA violation.

## COUNT VI

### Violation of the California Unfair Competition Law

143.   Plaintiffs incorporate the above allegations by reference as if fully set forth below.

144.   Plaintiffs assert this claim individually and for all class members.

145.   Defendant Samsung's business acts and practices complained of were centered in, carried out, effectuated and perfected within or had their effect in California, and injured plaintiffs and all class members.

146.   Defendant Samsung has committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200 *et seq.*, by engaging in the acts and practices alleged above.

147.   This claim is brought under California Business and Professions Code §§ 17203 and 17204, to obtain equitable monetary and injunctive relief from Samsung for acts and practices, as alleged, that violated California Business and Professions Code § 17200, commonly known as the Unfair Competition Law.

148.   Defendant Samsung's conduct as alleged violated Section 17200. The acts, omissions, practices and non-disclosures of defendant constituted a common, continuous conduct of unfair competition by the commission of unfair and unlawful business acts or practices within the meaning of California Business and Professions Code §§ 17200 *et seq.*

149.   Defendant Samsung engaged in "unlawful" business acts and practices by:

(a)   violating the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq.;

(b)   violating the Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 et seq.;

(c)   breaching implied and express warranties; and

(d)   violating the Consumers Legal Remedies Act, California Civil Code §§ 1750 et seq.

150.   Defendant Samsung engaged in "unfair" business acts and practices by:

(a)   engaging in conduct where the utility of such conduct is outweighed by the gravity of the consequences to plaintiffs and to the class considering the reasonably available alternatives, based on legislatively declared policies not to sell defective products in the market;

(b)   engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to plaintiffs and the class; and

(c)   engaging in unfair business practices by refusing to adequately repair or recall the defective Samsung Galaxy S phones or providing compensation therefor.

151.   Defendant Samsung engaged in "unfair" business acts and practices by selling the Samsung Galaxy S phones knowing or being aware the phones contained

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

the defect that causes these phones to freeze, shut down, and power-off randomly while in standby mode, then only offering to replace then with similarly defective phones. Defendant Samsung also engaged in unfair business acts and practices by making express and implied warranties, which Samsung refuses to honor.

152.   As such conduct is or may well be continuing and ongoing, plaintiffs and class member are entitled to injunctive relief to prohibit or correct such ongoing acts of unfair competition, in addition to obtaining equitable monetary relief.

153.   Plaintiffs and class members used Samsung's products and had business dealings with Samsung either directly or indirectly as described above. Defendant Samsung's acts and practices have caused plaintiffs and class members to lose money and property by being overcharged for and paying for the defective phones at issue, or being required to purchase an additional working phone. Such loss resulted from the above acts of unfair competition and Samsung's misconduct in violation of the state and federal laws set forth above. Plaintiffs are therefore entitled to seek recovery of such amounts. Such injury occurred when such monies were paid. Plaintiffs have each suffered injury and lost money or property because of such acts and practices.

154.   Defendant Samsung has unjustly benefited from its wrongful conduct and its acts of unfair competition. Plaintiffs and class members are accordingly entitled to equitable relief including restitution and disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Samsung from such business acts and practices, under California Business and

Professions Code §§ 17203 and 17204, and attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

**COUNT VII**

**Common Counts – Assumpsit and Quasi-Contract**

155.   Plaintiffs incorporate the above allegations by reference as if fully set forth below.

156.   Plaintiffs assert this claim individually and for all class members.

157.   As Plaintiffs and the Class show just grounds for recovering money to pay for benefits Samsung received from them either directly or indirectly, plaintiffs and class members have a right to restitution at law through an action derived from the common-law claim of assumpsit by implying a contract at law, or a quasi-contract as an alternative to a claim for breach of contract.

158.   By the purchase and sale of the phones in question, defendant Samsung entered into implied at law contracts with consumers that resulted in money being had and received by Samsung, either directly or indirectly, at the expense of plaintiffs and class members under agreements in assumpsit and quasi-contract. Plaintiffs and other class members conferred a benefit upon Samsung by purchasing one of the defective phones. Defendant Samsung knew of the general receipt of such benefits, which Samsung received, accepted, and retained.

159.   Defendant Samsung, having received such benefits, must make restitution as the circumstances here are such that, as between the two, it is unjust for Samsung to retain such monies based on the illegal conduct described above.

Such money or property belongs in good conscience to plaintiffs and to class members and can be traced to funds or property in Samsung's possession. Plaintiffs and class members have unjustly enriched Samsung through payments and the resulting profits enjoyed by Samsung because of such payments. Plaintiffs' and class members' detriment and Samsung's enrichment were related to and flowed from the conduct alleged.

160.   An entity unjustly enriched at the expense of another must make restitution to the other. Under common law principles recognized in claims of common counts, assumpsit, and quasi-contract, under the circumstances alleged it would be inequitable for Samsung to retain such benefits without paying restitution or damages. Defendant Samsung should not be permitted to retain the benefits conferred via payments by plaintiffs and by class members, and other remedies and claims may not permit them to obtain such relief, leaving them without an adequate remedy at law.

161.   Plaintiff and class members seek damages, restitution, and disgorgement of all profits resulting from such payments. Under California Civil Code § 2224, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Based on the facts and circumstances alleged, to prevent unjust enrichment and to prevent Samsung from taking advantage of its own wrongdoing, plaintiffs and the class are entitled to

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

establish a constructive trust over all monies charged and collected or retained by Samsung from which plaintiffs and class members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and all class members pray for judgment against defendant Samsung:

A.   Declaring this action to be a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.   Awarding plaintiffs and class members all proper measures of equitable monetary relief and damages, plus interest to which they are entitled;

C.   Awarding equitable, injunctive, and declaratory relief as the Court may deem just and proper, including restitution and disgorgement;

D.   Awarding plaintiffs' reasonable costs and attorney's fees; and

E.   Granting such further and other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and for all others similarly situated, demand a trial by jury on all issues so triable.

DATED: June 7, 2012

Respectfully Submitted,

William J. Doyle II
bill@doylelowther.com

DOYLE LOWTHER LLP
KATHERINE S. DIDONATO
kate@doylelowther.com
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel:    (213) 867-1777
Fax:    (213) 867-9922

DOYLE LOWTHER LLP
JOHN A. LOWTHER (SBN 207000)
john@doylelowther.com
JAMES R. HAIL (SBN 202439)
jim@doylelowther.com
10200 Willow Creek Road, Suite 150
San Diego, CA  92131
Tel:    (858) 935-9960
Fax:    (858) 939-1939

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

GLYNN LAW GROUP
THOMAS E. GLYNN
tom@glynnlawgroup.com
10200 Willow Creek Road, Suite 170
San Diego, CA  92131
Tel:     (858) 271-1100
Fax:     (858) 876-1530

THE CONSUMER LAW GROUP
ALAN M. MANSFIELD
alan@clgca.com
10200 Willow Creek Road, Suite 160
San Diego, CA  92131
Tel:     (619) 308-5034
Fax:     (888) 341-5048

STANLEY · IOLA, LLP
MARC R. STANLEY
marcstanley@mac.com
MARTIN WOODWARD
SCOTT KITNER
310 Monticello Ave., Ste. 750
Dallas, TX 75205
Tel:     (214) 443-4300
Fax:     (214) 443-0358

*Attorneys for plaintiffs and the proposed class*

ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT A

# PRODUCT SAFETY AND WARRANTY INFORMATION

GH68-31273A Printed in Korea.

## Samsung Fascinate™
a GALAXY S™ phone

# Samsung Fascinate™



a GALAXY S™ phone

exclusively at **verizon**

## PORTABLE
## ALL-DIGITAL
## SMART PHONE

### Product Safety and
### Warranty Information

# Section 2: Warranty Information

## Standard Limited Warranty

### What is Covered and For How Long?

SAMSUNG TELECOMMUNICATIONS AMERICA, LLC ("SAMSUNG") warrants to the original purchaser ("Purchaser") that SAMSUNG's phones and accessories ("Products") are free from defects in material and workmanship under normal use and service for the period commencing upon the date of purchase and continuing for the following specified period of time after that date:

| | |
|---|---|
| Phone | 1 Year |
| Batteries | 1 Year |
| Leather Case | 90 Days |
| Holster | 90 Days |
| Other Phone Accessories | 1 Year |

### What is Not Covered? This Limited Warranty is conditioned upon proper use of Product by Purchaser. This Limited Warranty does not cover: (a) defects or damage resulting from accident, misuse, abnormal use, abnormal conditions, improper storage, exposure to moisture or dampness, neglect, unusual physical, electrical or electromechanical stress, or defects in appearance, cosmetic, decorative or structural items, including framing, and any non-operative parts unless caused by SAMSUNG;

(b) defects or damage resulting from excessive force or use of a metallic object when pressing on a touch screen; (c) equipment that has the serial number or the enhancement data code removed, defaced, damaged, altered or made illegible; (d) any plastic surfaces or other externally exposed parts that are scratched or damaged due to normal use; (e) malfunctions resulting from the use of Product in conjunction or connection with accessories, products, or ancillary/peripheral equipment not furnished or approved by SAMSUNG; (f) defects or damage from improper testing, operation, maintenance, installation, service, or adjustment not furnished or approved by SAMSUNG; (g) defects or damage from external causes such as collision with an object, or from fire, flooding, sand, dirt, windstorm, lightning, earthquake, or from exposure to weather conditions, or battery leakage, theft, blown fuse, or improper use of any

electrical source; (h) defects or damage caused by cellular signal reception or transmission, or viruses or other software problems introduced into the Product; (i) any other acts which are not the fault of SAMSUNG; or (i) Product used or purchased outside the United States. This Limited Warranty covers batteries only if battery capacity falls below 80% of rated capacity or the battery leaks, and this Limited Warranty does not cover any battery if (i) the battery has been charged by a battery charger not specified or approved by SAMSUNG for charging the battery, (ii) any of the seals on the battery are broken or show evidence of tampering, or (iii) the battery has been used in equipment other than the SAMSUNG phone for which it is specified.

**What are SAMSUNG's Obligations?** During the applicable warranty period, SAMSUNG will repair or replace, at SAMSUNG's sole option, without charge to Purchaser, any defective component part of Product. To obtain service under this Limited Warranty, Purchaser must return Product to an authorized phone service facility in an adequate container for shipping, accompanied by Purchaser's sales receipt or comparable substitute proof of sale showing the original date of purchase, the serial number of Product and the sellers' name and address. To obtain assistance on where to deliver the Product, call Samsung Customer Care at 1-888-987-4357. Upon receipt, SAMSUNG will promptly repair or replace the defective Product. SAMSUNG may, at SAMSUNG's sole option, use rebuilt, reconditioned, or new parts or components when repairing any Product or replace Product with a rebuilt, reconditioned or new Product. Repaired/replaced cases, pouches and holsters will be warranted for a period of ninety (90) days. All other repaired/replaced Product will be warranted for a period equal to the remainder of the original Limited Warranty on the original Product or for 90 days, whichever is longer. All replaced parts, components, boards and equipment shall become the property of SAMSUNG. If SAMSUNG determines that any Product is not covered by this Limited Warranty, Purchaser must pay all parts, shipping, and labor charges for the repair or return of such Product.

**What Are The Limits On Samsung's Warranty/Liability?** EXCEPT AS SET FORTH IN THE EXPRESS WARRANTY CONTAINED HEREIN, PURCHASER TAKES THE PRODUCT "AS IS," AND SAMSUNG MAKES NO WARRANTY OR

24

REPRESENTATION AND THERE ARE NO CONDITIONS, EXPRESS OR IMPLIED, STATUTORY OR OTHERWISE, OF ANY KIND WHATSOEVER WITH RESPECT TO THE PRODUCT, INCLUDING BUT NOT LIMITED TO:

• THE MERCHANTABILITY OF THE PRODUCT OR ITS FITNESS FOR ANY PARTICULAR PURPOSE OR USE;

• WARRANTIES OF TITLE OR NON-INFRINGEMENT;

• DESIGN, CONDITION, QUALITY, OR PERFORMANCE OF THE PRODUCT;

• THE WORKMANSHIP OF THE PRODUCT OR THE COMPONENTS CONTAINED THEREIN; OR

• COMPLIANCE OF THE PRODUCT WITH THE REQUIREMENTS OF ANY LAW, RULE, SPECIFICATION OR CONTRACT PERTAINING THERETO.

NOTHING CONTAINED IN THE INSTRUCTION MANUAL SHALL BE CONSTRUED TO CREATE AN EXPRESS WARRANTY OF ANY KIND WHATSOEVER WITH RESPECT TO THE PRODUCT. ALL IMPLIED WARRANTIES AND CONDITIONS THAT MAY ARISE BY OPERATION OF LAW, INCLUDING IF APPLICABLE THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE HEREBY LIMITED TO THE SAME DURATION OF TIME AS THE EXPRESS WRITTEN WARRANTY STATED HEREIN. SOME STATES DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS, SO THE ABOVE LIMITATION MAY NOT APPLY TO YOU. IN ADDITION, SAMSUNG SHALL NOT BE LIABLE FOR ANY DAMAGES OF ANY KIND RESULTING FROM THE PURCHASE, USE, OR MISUSE OF, OR INABILITY TO USE THE PRODUCT OR ARISING DIRECTLY OR INDIRECTLY FROM THE USE OR LOSS OF USE OF THE PRODUCT OR FROM THE BREACH OF THE EXPRESS WARRANTY, INCLUDING INCIDENTAL, SPECIAL, CONSEQUENTIAL OR SIMILAR DAMAGES, OR LOSS OF ANTICIPATED PROFITS OR BENEFITS, OR FOR DAMAGES ARISING FROM ANY TORT (INCLUDING NEGLIGENCE OR GROSS NEGLIGENCE) OR FAULT COMMITTED BY SAMSUNG, ITS AGENTS OR EMPLOYEES, OR FOR ANY BREACH OF CONTRACT OR FOR ANY CLAIM BROUGHT AGAINST PURCHASER BY ANY OTHER PARTY. SOME STATES DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU.

THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY ALSO HAVE OTHER RIGHTS, WHICH VARY FROM STATE TO STATE. THIS LIMITED WARRANTY SHALL NOT EXTEND TO ANYONE OTHER THAN THE ORIGINAL PURCHASER OF THIS PRODUCT AND STATES PURCHASER'S EXCLUSIVE REMEDY. IF ANY PORTION OF THIS LIMITED WARRANTY IS HELD ILLEGAL OR UNENFORCEABLE BY REASON OF ANY LAW, SUCH PARTIAL ILLEGALITY OR UNENFORCEABILITY SHALL NOT AFFECT THE ENFORCEABILITY FOR THE REMAINDER OF THIS LIMITED WARRANTY WHICH PURCHASER ACKNOWLEDGES IS AND WILL ALWAYS BE CONSTRUED TO BE LIMITED BY ITS TERMS OR AS LIMITED AS THE LAW PERMITS.

THE PARTIES UNDERSTAND THAT THE PURCHASER MAY USE THIRD-PARTY SOFTWARE OR EQUIPMENT IN CONJUNCTION WITH THE PRODUCT. SAMSUNG MAKES NO WARRANTIES OR REPRESENTATIONS AND THERE ARE NO CONDITIONS, EXPRESS OR IMPLIED, STATUTORY OR OTHERWISE, AS TO THE QUALITY, CAPABILITIES, OPERATIONS, PERFORMANCE OR SUITABILITY OF ANY THIRD-PARTY SOFTWARE OR EQUIPMENT, WHETHER SUCH THIRD-PARTY SOFTWARE OR EQUIPMENT IS INCLUDED WITH THE PRODUCT DISTRIBUTED BY SAMSUNG OR OTHERWISE, INCLUDING THE ABILITY TO INTEGRATE ANY SUCH SOFTWARE OR EQUIPMENT WITH THE PRODUCT. THE QUALITY, CAPABILITIES, OPERATIONS, PERFORMANCE AND SUITABILITY OF ANY SUCH THIRD-PARTY SOFTWARE OR EQUIPMENT LIE SOLELY WITH THE PURCHASER AND THE DIRECT VENDOR, OWNER OR SUPPLIER OF SUCH THIRD-PARTY SOFTWARE OR EQUIPMENT, AS THE CASE MAY BE.

This Limited Warranty allocates risk of Product failure between Purchaser and SAMSUNG, and SAMSUNG's Product pricing reflects this allocation of risk and the limitations of liability contained in this Limited Warranty. The agents, employees, distributors, and dealers of SAMSUNG are not authorized to make modifications to this Limited Warranty, or make additional warranties binding on SAMSUNG. Accordingly, additional statements such as dealer advertising or presentation, whether oral or written, do not constitute warranties by SAMSUNG and should not be relied upon.

Samsung Telecommunications America, LLC

1301 E. Lookout Drive

Richardson, Texas 75082

Phone: 1-800-SAMSUNG

Phone: 1-888-987-HELP (4357)

©2010 Samsung Telecommunications America, LLC. All rights reserved.

No reproduction in whole or in part allowed without prior written approval. Specifications and availability subject to change without notice. [021710]

## End User License Agreement for Software

IMPORTANT. READ CAREFULLY: This End User License Agreement ("EULA") is a legal agreement between you (either an individual or a single entity) and Samsung Electronics Co., Ltd. for software owned by Samsung Electronics Co., Ltd. and its affiliated companies and its third party suppliers and licensors that accompanies this EULA, which includes computer software and may include associated media, printed materials, "online" or electronic documentation ("Software"). BY CLICKING THE "I ACCEPT" BUTTON (OR

26

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Shane Galitski, Richard Taliaferro and Brian Newbold, individually and on behalf of all others similarly situated | Samsung Telecommunications America, LLC, a New York corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| William J. Doyle II<br>Doyle Lowther LLP<br>1801 Century Park East, 24th Floor, Los Angeles, CA 90067; (213) 867-1777 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Express Warranty, Breach of Implied Warranty, Song-Beverly Warranty Act, Magnuson-Moss Warranty Act, CLRA, Cal. Unfair Comp. Law, Common Counts

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☒ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: **SACV 12 - 00903 CJC (JPRx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Shane Galitski, Orange County<br>Brian Newbold, Los Angeles County | Richard Taliaferro, Placer County, California |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Samsung Telecommunications America, LLC, Dallas County, Texas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Shane Galitski, Orange County<br>Brian Newbold, Orange County | Richard Taliaferro, Placer County, California |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  June 6, 2012

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
    or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
    but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 903 CJC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Shane Galitski, Richard Tallaferro, *and* Brian Newbold, individually & on behalf of all others similarly situated<br>*Plaintiff*<br>v.<br>Samsung Telecommunications America, LLC, a New York corporation<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **SACV 12 - 00903 CJC (JPRx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Samsung Telecommunications America, LLC
1301 East Lookout Drive
Richardson, TX 75082

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    William J. Doyle II
Doyle Lowther LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(213) 867-1777

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

DENISE V.

*Signature of Clerk*

Date: 6/7/12